Filed 6/19/15  P. v. Olson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. TALON ROAN OLSON, Defendant and Appellant. | F067602 (Mariposa Super. Ct. No. 11305) **OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Mariposa County.  Dana Walton, Judge.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Kane, Acting P.J., Poochigian, J. and Smith, J.

## INTRODUCTION

Appellant/defendant Talon Roan Olson pleaded no contest to dissuading a witness from reporting a crime (Pen. Code, § 136.1, subd. (b)(1))[1] and was sentenced to the stipulated term of two years four months. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[2]

Around midnight on May 18, 2013, M.L., defendant's mother, called the sheriff's department. Defendant had been living at her house, and he started acting violently that night. She asked him to leave, but he refused. The responding deputy determined defendant was wanted on an outstanding no-bail felony warrant. When the deputy arrived, M.L said that she believed defendant was under the influence of something, and he had left the house. The deputy looked around the property and stayed by the house for 35 minutes, but defendant was not there. The deputy advised her to lock the front door, and he left.

Shortly after the deputy left, defendant returned to M.L.'s house and kicked in the front door. She called 911, but defendant ripped the telephone cord out of the wall and disconnected the call. Defendant told M.L. to drive him to the hospital because he broke his foot, apparently when he kicked in the door. M.L. agreed, but she was afraid of his aggressive behavior.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] The facts are taken from the reports filed by the Mariposa County Sheriff's Department; the parties stipulated these reports constituted the factual basis for defendant's plea. These reports were subsequently augmented to the record as a result of a settled statement hearing held by the superior court, as requested by defendant and ordered by this court.

During the drive to the hospital, defendant became irate and screamed at M.L. M.L. stopped the car in the middle of the road, grabbed the car keys, and ran away from defendant. She knew he could not chase her because of his injured foot.

In the meantime, the deputy returned to M.L.'s house on a dispatch of a 911 hang up. The deputy found the garage door was open and M.L.'s car was gone. The front door had been kicked in, and the door jamb was broken. The telephone cord "connecting the primary phone in the residence was broken with the jack separated from the wire." Neither M.L. nor defendant were present.

A dispatch was broadcast about M.L., defendant, and the car. Another deputy found defendant on the road near M.L.'s parked car. Defendant gave a false name and claimed he hurt his leg when he fell out of a tree. Defendant became extremely violent and resisted the officers when he was taken into custody. He continued to resist when he was transported to the hospital for treatment of his leg injury.

Another deputy found M.L. walking in the vicinity of her parked car. She was not hurt. M.L. was initially hesitant to describe what happened at her house, but later said that she was extremely afraid of defendant when he was under the influence of drugs or had a violent episode. M.L. said defendant had recently declared that he wanted to kill himself.

### Procedural History

On May 21, 2013, a complaint was filed which charged defendant with count I, residential burglary (§ 459); count II, vandalism in excess of $400 (§ 594, subd. (a)); count III, cutting a utility line (§ 591); count IV, dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1)); count V, dissuading a witness from seeking the arrest of another for a crime (§ 136.1, subd. (b)(3)); and count VI, giving false information to a peace officer (§ 148.9, subd. (a)). It further alleged a person other than an accomplice was in the home at the time of the burglary (§ 667.5, subd. (c)(21)) and defendant had served two prior prison terms (§ 667.5, subd. (b)).

3.

On June 25, 2013, defendant pleaded no contest to count IV and admitted one prior prison term enhancement. The remaining charges were dismissed pursuant to a waiver under *People v. Harvey* (1979) 25 Cal.3d 754. Defendant waived preparation of a probation report and he was sentenced to the stipulated term of two years four months, based on the lower term of 16 months for count IV, and a consecutive term of one year for the enhancement.

On July 11, 2013, defendant filed a timely notice of appeal. He requested and received a certificate of probable cause.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on March 4, 2014, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4.